## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Thomas Dulinsky, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a criminal complaint charging DIEULOURDE MERCREDI (DOB xx/xx/1989) with Entry Without Inspection, in violation of Title 8, United States Code, Section 1325(a)(1).

2.      I am a Border Patrol Agent with the United States Border Patrol. I am stationed at the Houlton Border Patrol Station in Houlton, Maine. Prior to my current station, I was a Border Patrol Agent in Carrizo Springs, Texas. I have been an employee of the United States Border Patrol since April 2019. I successfully graduated from the Border Patrol Academy in Artesia, New Mexico, in November 2019. Through my position, I have experience investigating border-related criminal offenses, including alien smuggling and individuals entering the country without inspection.

3.      The facts set forth in this affidavit are based upon my personal knowledge, information obtained during my participation in this investigation including information provided by other investigators, my review of records related to this investigation, and information gained through my training and experience. This affidavit is intended to provide the facts necessary for a determination of probable cause for the requested complaint and arrest warrant.

### PROBABLE CAUSE

4.      I am aware that on May 17, 2026, at approximately 12:08 a.m., a concerned citizen called the police to report that they had seen a vehicle drive to the end of Brewer Road in Cary, Maine. The concerned citizen (hereinafter "CC") reported that they live at the end of Brewer Road in Cary, Maine, and that their residence abuts the

1

international border between the United States and Canada. The CC said they observed the vehicle flash its lights and then saw two individuals come out of the woods and enter the vehicle. The vehicle then drove back down the Brewer Road, away from the international border with Canada.

5. A screenshot from Google Maps of the area where CC lives and where this incident occurred appears below:



6. I responded to this complaint and began traveling towards the area of the complaint. I reached out to Houlton Sector Radio (dispatch) to see if any sensors near the border with Canada had been activated in the area of the complaint. I was advised by dispatch that a white SUV had triggered a camera entering and exiting the area of the complaint around the time that CC had called the police.

2

7. At approximately 12:18 a.m., I was traveling on the Calais Road (Route One) heading south, when I drove by a white SUV heading north on the Calais Road in Hodgdon, Maine. Given the time of day, there were very few vehicles on the roadway, and the white SUV matched the description of the vehicle involved from the camera system. Also, the location of the white SUV was consistent with the time it would have taken the vehicle involved to travel to that location from the Brewer Road in Cary.

8. I turned my government vehicle around and began following the white SUV. When I was following behind it, the driver slowed down and edged over to the side of the road. I continued behind the white SUV and did not pass it. The white SUV then picked up speed and continued traveling north towards Houlton.

9. I observed that the white SUV had a license plate from Massachusetts with a plate number of 4SPD66. Through standard law enforcement checks, I learned that the license plate was registered to an individual from Brockton, Massachusetts, for a white Hyundai Santa Fe Sport.

10. At about 12:23 a.m., I conducted a traffic stop of the white SUV on the Calais Road in Hodgdon, Maine. I approached the white SUV and observed three individuals inside. I identified myself as a U.S. Border Patrol agent and asked the driver where they were coming from. The front seat passenger, later identified as Joseph SANDES, said they were coming from a friend's house. When asked where his friend lived, SANDES gestured over his left shoulder and said: "Back there." When asked, SANDES could not provide the friend's name or the friend's address.

11. SANDES did not speak English proficiently and said his primary language was Haitian Creole. I asked all three occupants for identification. The driver was identified as the registered owner of the vehicle from his Massachusetts driver's license.

3

The front seat passenger, SANDES, provided a Florida learner's license in the name Joseph SANDES, with a DOB of xx/xx/1995. The rear seat passenger was identified as Dieulourde MERCREDI, DOB xx/xx/1989 (hereinafter "MERCREDI"), and MERCREDI provided an employment authorization card with that name and date of birth.

12. Agents subsequently detained SANDES, MERCREDI, and the driver, and transported them to the Houlton Border Patrol Station.

13. During a search of the white SUV, I located a pair of blue shoes that were wet and muddy under the front passenger seat, where SANDES had been sitting. I also found a pair of wet socks on the back seat floor near where MERCREDI had been sitting. Another pair of wet and dirty shoes was later found under the driver's seat. At the time of his detention, SANDES appeared to be wearing brand new shoes. Also, SANDES and MERCREDI both had pants on that were wet from the knee down and both had dirt on the back of their pants.

14. MERCREDI was detained and transported to the Houlton Border Patrol station. At the station, I asked MERCREDI if she understood the English language, and she said that she did not understand it very well. MERCREDI said she only understood Haitian Creole. I read MERCREDI her *Miranda* rights in English, but she did not understand them. I did not interview MERCREDI given her responses.

15. MERCREDI was found to have no immigration history in the United States and no criminal record.

16. MERCREDI is not a national or citizen of the United States. MERCREDI was born in Haiti and is a national of Haiti.

17. MERCREDI was notified of her right to speak with the Haitian Consulate, and she waived her right to speak with the Consulate.

4

18.    On May 17, USBP agent Timothy Dulinsky met with CC at their residence on the Brewer Road in Cary, Maine. CC said that they saw two individuals come out of the woods next to their home, which borders Canada.

19.    After leaving the woods near the Canadian border, CC said that the two individuals were crouched down as if not wanting to be seen and walked across CC's property. They continued walking to the Brewer Road, away from the border. Shortly thereafter, CC observed a vehicle coming towards CC's house on the Brewer Road. CC said the vehicle stopped and flashed its lights a few times, then slowly drove further down the road, and stopped and flashed its lights again.

20.    CC said that after a few minutes, the vehicle turned around and left the area down the Brewer Road, away from the Canadian border.

21.    While at CC's residence, agent Timothy Dulinsky observed a small trail of trampled grass traveling across the international border between the United States and Canada near CC's property. Agent Timothy Dulinsky deployed his K9 Apollo, who tracked a scent from the area of the international border with Canada to an area near the Brewer Road (about 17 yards north of the road), where he found a dry beanie hat, a flat footprint, and tire tracks indicating that a vehicle had turned around in the road.

22.    In summary, the above evidence shows that MERCREDI is a Haitian national and that she was apprehended on the United States side of the United States/Canadian border. Further, the above facts show that MERCREDI entered the United States at a time or place other than as designated by immigration officers.

23.    Based on my training and experience, and supported by the foregoing facts, I have probable cause to believe the above defendant, Dieulourde MERCREDI has violated Title 8, United States Code, Section 1325(a)(1).

5

I, Thomas Dulinksky, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information, and belief, and that I make this oath under pains and penalties of perjury.

Dated at Bangor, Maine, this 21st day of May 2026.

_____
Thomas Dulinsky,
Border Patrol Agent
United States Border Patrol

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedure

Date: May 21 2026

City and state: Bangor, ME

_____
Judge's signature

John C. Nivison U.S. Magistrate Judge
_____
Printed name and title

6